| UNITED STATES BANKRUPTCY COURT Southern District of New York ▾ | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): America Alternative Investments Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): c/o John D. Ayres PricewaterhouseCoopers (BVI) Limited Palm Grove House, 2nd Floor, Wickham's Cay I, Road Town Tortola, British Virgin Islands                    ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):                    ZIP CODE |
| County of Residence or of the Principal Place of Business: British Virgin Islands | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): c/o Intertrust Corporate Services (BVI) Limited 171 Main Street P.O. Box 92, Road Town Tortola, VG 1110, British Virgin Islands                    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                    ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition Is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☑ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☑ Other | ☐ Chapter 7   ☑ Chapter 15 Petition for ☐ Chapter 9        Recognition of a Foreign ☐ Chapter 11      Main Proceeding ☐ Chapter 12   ☐ Chapter 15 Petition for ☐ Chapter 13      Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests: British Virgin Islands Each country in which a foreign proceeding by, regarding, or against debtor is pending: British Virgin Islands | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.  ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.  ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). Check if: ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*). - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Check all applicable boxes: ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000- 5,000 | 5,001- 10,000 | 10,001- 25,000 | 25,001- 50,000 | 50,001- 100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): America Alternative Investments Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr><td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐  Exhibit A is attached and made a part of this petition.

</td><td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
    Signature of Attorney for Debtor(s)    (Date)

</td></tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☑  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B1 (Official Form 1) (04/13) | Name of Debtor(s): America Alternative Investments Inc. | | |
|---|---|---|---|

**Voluntary Petition**
*(This page must be completed and filed in every case.)*

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☑ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X  /s/ John D. Ayres
(Signature of Foreign Representative)

John D. Ayres
(Printed Name of Foreign Representative)

8/12/2015
Date

**Signature of Attorney***

X /s/ Steven J. Reisman
Signature of Attorney for Debtor(s)
Steven J. Reisman
Printed Name of Attorney for Debtor(s)
Curtis, Mallet-Prevost, Colt & Mosle LLP
Firm Name
101 Park Avenue
New York, NY 10178
Address
(212) 696-6000
Telephone Number
8/12/2015
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 15 |
| AMERICA ALTERNATIVE INVESTMENTS INC., | Case No. 15-_____(___) |
| Debtor in a Foreign Proceeding. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**VERIFIED PETITION FOR RECOGNITION OF A FOREIGN**
**PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520,**
**AND 1521 OF THE BANKRUPTCY CODE**

John D. Ayres and Matthew Wright, in their capacity as joint liquidators (the

"Petitioners") of America Alternative Investments Inc. (the "Fund") and as duly authorized

foreign representatives as defined by section 101(24) of title 11 of the United States Code, as

amended (the "Bankruptcy Code"), through their United States counsel, Curtis, Mallet-Prevost,

Colt & Mosle LLP ("Curtis"), respectfully submit this verified petition seeking recognition of a

foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code.  In support thereof,

the Petitioners respectfully state as follows:

## PRELIMINARY STATEMENT

1.      By this chapter 15 verified petition and the form petition filed herewith (together, the "Petition"), the Petitioners seek recognition of the Fund's liquidation proceeding (the "BVI Proceeding") pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "BVI Court").

2.      The Petitioners commenced this chapter 15 case primarily to establish standing to assert certain claims in the courts of the United States, to facilitate the BVI Proceeding, and to protect the Fund's rights and claims in the United States.  Accordingly, the Petitioners seek an order granting recognition of the BVI Proceeding substantially in the form of the proposed Order Granting Recognition of Foreign Main Proceedings and Related Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, attached hereto as Exhibit A (the "Proposed Order").

3.      On July 21, 2014, the BVI Court made an order, a copy of which is attached hereto as Exhibit B, placing the Fund into liquidation in the British Virgin Islands (the "BVI") and appointing the Petitioners as the Fund's joint liquidators.  In this role, the Petitioners are responsible for, among other things, liquidating the assets of the Fund, carrying on the business of the Fund, investigating causes of action that the Fund may possess, and prosecuting and settling or otherwise resolving such causes of action as they deem appropriate.

4.      The Petitioners commenced this chapter 15 case by filing the Petition contemporaneously with all certifications, statements, lists, and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Specifically, the Petition is accompanied by (i) the Declaration of Sandie Corbett, BVI legal counsel to the Petitioners, dated August 11, 2015 (the "Corbett Declaration"), (ii) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign

Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, (iii) the Statement of Foreign Representative as required by section 1515(c) of the Bankruptcy Code, attached hereto as <u>Exhibit C</u>, (iv) the Corporate Ownership Statement required by Bankruptcy Rule 7007.1, attached hereto as <u>Exhibit D</u>, and (v) the Statement Pursuant to Rule 1007(a)(4), attached hereto as <u>Exhibit E</u> (collectively, the "<u>Supporting Documents</u>").   As set forth below and in the Supporting Documents:

(a)    a foreign proceeding respecting the Fund was duly commenced in the BVI;

(b)    the Fund is incorporated in the BVI and its registered address is 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI;

(c)    the Fund, through the Petitioners, carries out nontransitory economic activity in the BVI;

(d)    the Fund is eligible to be a debtor under section 109(a) of the Bankruptcy Code;

(e)    the Petitioners are duly authorized to serve as foreign representatives and to petition for relief under chapter 15 of the Bankruptcy Code in connection with the BVI Proceeding respecting the Fund; and

(f)    the Petitioners are entitled to the relief requested.

5.    The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code.  The Petitioners were appointed by the BVI Court to administer the Fund's assets, liabilities, and any ongoing business in connection with the BVI Proceeding pursuant to the BVI Insolvency Act 2003.  Moreover, the relief requested by the Petitioners is well within the scope of chapter 15 of the Bankruptcy Code, which authorizes a court to (i) recognize a "foreign proceeding" upon the proper commencement of a case under chapter 15 by a "foreign representative" and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding.  Based on the foregoing and the reasons described herein and in the Supporting Documents, the Petitioners are entitled to an order granting

3

recognition to the BVI Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding under chapter 15 of the Bankruptcy Code.

## JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

7.      Venue is properly located in this district pursuant to 28 U.S.C. § 1410. Specifically, venue is proper pursuant to 28 U.S.C. § 1410(2) because the Fund is a defendant in an adversary proceeding pending in this Court, captioned *Fletcher International, Ltd. v. Richcourt Euro Strategies Inc., Richcourt Allweather B Inc., America Alternative Investments Inc., and Pitagora Fund Ltd. (In re Fletcher International, Ltd.)*, Ch. 11 Case No. 12-12796 (REG), Adv. No. 14-02029 (REG) (Bankr. S.D.N.Y. 2014).   Venue is also proper under 28 U.S.C. § 1410(3) for the convenience of the parties given that the following bankruptcy cases are pending in this district: (i) *In re FIA Leveraged Fund (In Liquidation)*, No. 14-10093 (REG) (Bankr. S.D.N.Y. 2014), (ii) *In re Fletcher Income Arbitrage Fund Ltd. (In Liquidation)*, No. 14-10094 (REG) (Bankr. S.D.N.Y. 2014), (iii) *In re Soundview Elite, Ltd., et al.*, No. 13-13098 (REG) (Bankr. S.D.N.Y. 2013), and (iv) *In re Fletcher International, Ltd.*, No. 12-12796 (REG) (Bankr. S.D.N.Y. 2012).

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4

22850396

# BACKGROUND[1]

## I.    The Nature of the Fund's Business Prior to its Liquidation

9.    The Fund forms part of a group of six related funds that were all incorporated in the BVI (collectively, the "Funds").  The Funds include (i) America Alternative Investments Inc. ("AAI"), (ii) Optima Absolute Return Fund Ltd., (iii) Richcourt Allweather B Inc. ("RAB"), (iv) Richcourt Allweather Fund Inc. ("RAF"), (v) Richcourt Composite Inc. ("RCI"), and (vi) Richcourt Euro Strategies Inc.

10.    The Fund was incorporated on October 19, 1990 as Citco US Dollar Equities Ltd. The Fund subsequently changed its name to Richcourt America Inc. in October 1990, to Citco US Dollar Equitties in July 1991, and then finally to its current name in February 2008.

11.    Each Fund was incorporated in the BVI under the International Business Companies Ordinance of the British Virgin Islands and registered as a company under section (6)(a) of the BVI Business Companies Act 2004.  Additionally, with the exception of RAB, each Fund is registered as a professional fund under the jurisdiction of the BVI Financial Services Commission.[2]

12.    Prior to the BVI Proceeding for each Fund, the Funds carried on business as open-ended investment companies.  The Funds operated as investment funds where investors, including independent third parties, invested in the Funds by subscribing for participating shares offered by the Funds (the "Subscription Agreements").  The participating shares represented the investors' economic interests in the Funds.  In turn, the Funds were to invest the money they received from the Subscription Agreements in accordance with their stated investment strategies

---

[1]  The Petitioners currently possess incomplete information regarding the Fund.  The statements herein represent the Petitioners' current understanding of the Fund's affairs and are true and correct to the best of the Petitioners' knowledge, information, and belief.

[2]  In RAF's confidential information memorandum ("CIM"), RAB is defined as a subsidiary of RAF.  Accordingly, RAF and RAB were treated as one fund.

as described in the CIMs issued by the Funds.  According to the CIMs issued by the Funds, which included Subscription Agreements as Exhibits, the Subscription Agreements were governed by and were to be construed in accordance with BVI law.  Additionally, the Funds' CIMs stated that the Funds operated under the laws of the BVI.

13.    The vast majority of the Funds' investors appear to be located outside of the United States and are mostly located in Europe and the Caribbean.

## II.    Pre-Liquidation Management and Ownership of the Funds

14.    Since June 13, 2013, Solon Group, Inc. ("Solon"), a New York corporation, has been the sole director of each of the Funds.[3]  As described in more detail below, Solon removed Alphonse Fletcher Jr. ("Fletcher"), the only other director of the Funds, on that date.

15.    As of June 13, 2013, the key functionaries of each of the Funds were as follows: (i) Wilmington Trust, National Association ("Wilmington Trust"), as custodian, (ii) Pinnacle Fund Administration LLC, a North Carolina company ("Pinnacle"), as administrator, and (iii) Richcourt Capital Management Inc., a BVI company ("RCM"), as investment manager (pursuant to separate Investment Management Agreements ("IMAs") with each of the Funds).[4]

16.    RCM was understood to be controlled, directly or indirectly, by Fletcher, and as such the IMAs between the Funds and RCM were terminated by letter dated June 21, 2013 with an effective termination date of September 19, 2013.[5]

---

[3]  Solon was appointed as director on April 3, 2013 for all of the Funds except RAB.  Solon was appointed as director of RAB on May 6, 2013.

[4]  KPMG, Netherlands was the auditor for some or all of the Funds through 2009; since then no audited accounts have been completed.

[5]  The Funds do not appear to have had any direct employees and appear to have been under the day-to-day control of persons reporting directly or indirectly to Fletcher prior to his removal.  The Petitioners do not have the names or location of the individuals that may have managed the Funds on a day-to-day basis, except for Michael Siedlecki of Richcourt USA Inc., who was located in New York.

6

17.     Following the removal of Fletcher as a director, Solon passed resolutions for each

of the Funds to issue voting, non-participating shares to Richcourt BVI Holdings, LLC, a

Delaware company ("BVI Holdings").  As a result, BVI Holdings holds all or the large majority

of the voting, non-participating shares in each of the Funds.[6]

### III.    Events Leading up to the Commencement of the BVI Proceeding

18.     Following Solon's appointment as independent director of the Funds in April

2013, there were several key developments during the period leading up to the commencement

of the BVI Proceeding.

19.     First, on June 13, 2013, Solon took action to remove Fletcher, for cause, as the

other director of the Funds, pursuant to certain resolutions passed by Solon as director (the "June

13 Director Resolutions").  The June 13 Director Resolutions cited Fletcher's various roles and

divided loyalties as significant impediments to resolution of the issues facing the Funds.[7]

20.     Second, there was a dispute regarding access to the Funds' cash assets, which

were held by Wilmington Trust.  On May 6, 2013, the Funds' cash assets were frozen by

Wilmington Trust, which commenced an interpleader action in the Superior Court of the State of

Delaware, New Castle County (the "Interpleader Action") on June 17, 2013.  The Interpleader

Action was commenced as a result of steps taken by former directors of the Funds, including

Fletcher, to gain control of the Funds' cash balances.  On April 22, 2014, the Funds' motion for

summary judgment in the Interpleader Action was granted, which allowed the Funds, under the

---

[6]   With the exceptions of AAI and RCI, Richcourt BVI Holdings is the sole voting, non-participating member of the
      Funds.  In regards to AAI, Citco Investment Advisors Limited holds 100 of the 1,000 voting, non-participating
      shares, and BVI Holdings holds 900 of the 1,000 voting, non-participating shares.  In regards to RCI, RCM holds
      100 of the 1,000 voting, non-participating shares, and BVI Holdings holds 900 of the 1,000 voting, non-
      participating shares.

[7]   Fletcher has challenged his removal as director, through litigation in the BVI Court (and certain appeals), which
      litigation remains pending but dormant since January 2015.

direction of Solon, to possess and control the cash assets held by Wilmington Trust.  By May 7,

2014, Solon secured the transfer of the cash to the Funds' new custodian, Bank of America.

21.    Finally, as noted above, following the removal of Fletcher as a director, Solon

passed resolutions for each of the Funds to issue voting shares to BVI Holdings.[8]

## IV.    The Appointment of the Liquidators in the BVI

22.    On June 6, 2014, the Funds filed with the BVI Court (i) an *ex-parte* application

seeking the appointment of John D. Ayres and David Walker as joint provisional liquidators of

the Funds and (ii) an application seeking the appointment of John D. Ayres and David Walker as

joint liquidators of the Funds.

23.    On July 2, 2014, the BVI Court made an order appointing John D. Ayres and

David Walker as joint provisional liquidators of the Funds, and on July 21, 2014, the BVI Court

made an order appointing the Petitioners as joint liquidators of the Funds (the "BVI Court

Orders").[9]

24.    As discussed in the Corbett Declaration, appointment of the Petitioners removed

all powers of Solon as the Funds' director.  *See* Corbett Declaration at ¶ 21.

## V.    Key Developments in the Liquidation

25.    Upon appointment, the Petitioners began administering the Funds from the BVI

pursuant to the BVI Court Orders.

26.    Since their appointment, the Petitioners have engaged in the following activities:

    (a)    meeting immediate and ongoing statutory obligations in the BVI
           Proceeding for each Fund;

---

[8]  Except for AAI and RCI, the Funds had not previously issued voting shares.

[9]  At the request of a significant stakeholder, given the perceived efficiencies arising from his appointment as a joint
     official liquidator of certain other funds formerly controlled by Fletcher in their liquidation proceedings in the
     Cayman Islands, Matthew Wright was appointed as a joint liquidator of the Funds in place of David Walker.

22850396

(b)     recovering and reviewing the books and records of the Funds held by Solon and various other parties;

(c)     maintaining original and electronic copies of certain books and records of the Funds in the BVI;

(d)     communicating extensively with Solon, primarily from the BVI, in an attempt to ascertain the true financial position of the Funds;

(e)     making arrangements for the remaining cash balances of the Funds to be transferred to a BVI bank account and brought under the control of the Petitioners;

(f)     working to establish the status and value of the Funds' non-cash assets;

(g)     entering into a tolling agreement with various Citco affiliated entities previously involved with the Funds and negotiating extensions of the agreement as necessary (which now expires September 30, 2015);

(h)     reviewing, evaluating, and discussing a stipulation related to a dispute over the ownership of shares held by the Funds in Fletcher International Partners Ltd.;

(i)     identifying potential claims that may be pursued by the Funds and may be asserted against the Funds;

(j)     corresponding with creditors and investors regarding their claims and entering into a meaningful claims reconciliation process, which the Petitioners have primarily conducted from the BVI;

(k)     attending a settlement meeting where the Petitioners reached an agreement in principle that would resolve all claims asserted against the Funds by the chapter 11 trustee of Fletcher International Ltd., as part of a global settlement by and among the Funds and certain other entities in the "Fletcher system." This settlement, however, remains subject to definitive documentation and necessary court approval;

(l)     applying to the BVI for sanction to, among other things, pay certain fees and commence this chapter 15 case; and

(m)     providing specific notice to the Funds' investors of the Petitioners' intention to commence this chapter 15 case.

27.     The Petitioners have also retained several professionals to obtain legal advice and other services. These professionals include (i) Walkers, Attorneys-at-Law, (ii) Curtis, (iii) Morrison & Foerster LLP, (iv) Lennox Paton, and (v) LDM Global. The Petitioners have

9

22850396

advised and instructed these professionals of the BVI proceedings and various other matters primarily from the BVI.

## VI.    Authorization of the Funds' Chapter 15 Cases

28.    Pursuant to paragraphs 4(d) and 5 of the BVI Court Orders, the Petitioners are authorized to "[c]ommence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the [Funds]," but only with the sanction of the BVI Court. *See* BVI Court Orders at ¶¶ 4(d), 5. Accordingly, on July 28, 2015, the Petitioners filed with the BVI Court an application for sanction to commence the Funds' chapter 15 cases seeking recognition of each Fund's BVI Proceeding. The BVI Court approved such application by order made on August 6, 2015, attached hereto as Exhibit F.

## VII.    Connections to the United States

29.    The Funds do not have a domicile, residence, or place of business in the United States. They do, however, have property in the United States, consisting of $50,000 held in a client trust account with Curtis in New York, New York. Additionally, the Funds possess additional, intangible property in the United States in the form of claims and causes of action.

## RELIEF REQUESTED

30.    The Petitioners, as the foreign representatives of the Fund, seek entry of the Proposed Order granting the following relief:

(a)    recognition of the BVI Proceeding as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;

(b)    all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code; and

(c)    certain discretionary relief pursuant to section 1521(a) of the Bankruptcy Code; and

(d)    such other and further relief as this Court may deem just and proper.

22850396

31.    At this time, the Petitioners are not seeking provisional relief under section 1519 of the Bankruptcy Code.  If the Court determines that the BVI Proceeding is not a foreign main proceeding, however, the Petitioners respectfully request that the Court entertain the Petition as one for recognition of a foreign nonmain proceeding pursuant to sections 1502(5) and 1517(b)(2) of the Bankruptcy Code because the Fund has an establishment in the BVI, as defined in section 1502(2) of the Bankruptcy Code.

32.    If the BVI Proceeding is recognized as a foreign nonmain proceeding, the Petitioners request relief under section 1521 of the Bankruptcy Code that tracks the relief granted automatically under section 1520.  In that event, the Petitioners are prepared to demonstrate that they meet the appropriate standards for such relief, including satisfying the traditional standards for obtaining injunctive relief.

33.    The Petitioners believe that the BVI Proceeding, with the assistance of this Court, offers the best means of liquidating the Fund and achieving a global, equitable resolution of the Fund's liabilities.  Recognition of the BVI Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code is critical to achieving this goal.  The Court's assistance is also necessary for the Petitioners to pursue certain litigation in the courts of the United States for the benefit of the Fund and its creditors and to access courts within the United States pursuant to section 1509(b) of the Bankruptcy Code.  Based on the foregoing, relief under chapter 15 is appropriate and necessary to achieve the goals of the BVI Proceeding.

## BASIS FOR RELIEF REQUESTED

34.    The statutory predicates for the relief requested herein are sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

35.    Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives, such as the Petitioners, in the performance of their duties.  One of the primary

11

objectives of chapter 15 is the "fair and efficient administration of cross-border insolvencies that protect the interests of all creditors, and other interested entities, including the debtor."   11 U.S.C. § 1501(a)(3).

36.    Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a "foreign proceeding" if, after notice and a hearing, it appears that recognition will not undermine the public policy of the United States and "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or a foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. §1517(a).

37.    All of these requirements for recognition under chapter 15 are satisfied under the facts of this case.  Additionally, the relief requested herein does not undermine the public policy of the United States because it is appropriate under chapter 15 and is consistent with the goals of international cooperation and assistance to foreign courts as embodied in chapter 15 of the Bankruptcy Code.

## NOTICE

38.    Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided at the "earliest possible time." 11 U.S.C. § 1517(c).  Bankruptcy Rule 1011(b) provides that a party objecting to the relief sought by a petition filed to commence a proceeding under chapter 15 of the Bankruptcy Code has 21 days from service of the petition to respond thereto.  Fed. R. Bankr. P. 1011(b).  Further, Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding under chapter 15 must be given by mail to:

> [T]he debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the [Bankruptcy] Code, all

12

> parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct.

Fed. R. Bankr. P. 2002(q)(1).

39.     The Petitioners respectfully request that the Court set a hearing (the "Hearing") on the Petition for a date approximately 21 days after service thereof, preferably on or shortly after September 8, 2015.   Further, the Petitioners propose that as soon as the Hearing has been scheduled, notice will be given as reasonable and appropriate under the circumstances. Specifically, the Petitioners propose serving copies of the Petition and the Supporting Documents by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon (i) the Fund, (ii) all parties to litigation pending in the United States in which the Fund is a party at the time of the filing of the Petition and their respective counsel, if known, (iii) the U.S. Trustee, (iv) all known creditors of the Fund, (v) all known investors of the Fund, and (vi) such other entities as the Court may direct, substantially in the form of the proposed notice attached hereto as Exhibit G.

40.     Additionally, the Petitioners respectfully request that the Court waive the requirements of section 1514(c) of the Bankruptcy Code.  Section 1514(c) provides that when "a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim."  11 U.S.C. § 1514(c).  Although section 1514(a) of the Bankruptcy Code provides that foreign creditors shall receive proper notice in cases in the United States, this section is the "last in the series of sections dealing with international aspects of cases under chapters *other than chapter 15* that began with section 1511."  8 COLLIER ON BANKRUPTCY ¶ 1514.01 (16th ed. rev. 2013) (emphasis added).  Given that section 1514(c) of the Bankruptcy Code arguably does not apply in this case,

as the Petitioners have not sought to commence a case under any other chapter of the Bankruptcy Code, the Petitioners respectfully request that the requirements contained therein be waived.

41.     The Petitioners submit that such notice and service is reasonable and proper under the circumstances and that no other or further notice is necessary.

42.     No prior request for the relief requested herein has been made to this or any other court in the United States.

## **CONCLUSION**

WHEREFORE, the Petitioners respectfully request that this Court grant the relief requested herein and such other and further relief as may be just and proper.

Dated:  New York, New York
       August 12, 2015

                              **CURTIS, MALLET-PREVOST,**
                                **COLT & MOSLE LLP**

                        By:      */s/ Steven J. Reisman*
                                Steven J. Reisman
                                L. P. Harrison 3rd
                                James V. Drew
                                Lauren Tauro
                     101 Park Avenue
                     New York, New York 10178-0061
                     Telephone: (212) 696-6000
                     Facsimile:  (212) 697-1559

                     *Counsel for the Petitioners*

14

## <u>VERIFICATION</u>

Tortola                         )
                                ) ss.:
British Virgin Islands )

I, John D. Ayres, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am one of the joint liquidators of America Alternative Investments Inc.  I have the full authority to verify this petition on behalf of the joint liquidators.

I have read the foregoing petition, and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of August, 2015

*/s/ John D. Ayres*
John D. Ayres, a Joint Liquidator of America Alternative Investments Inc.

15

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                          :
In re:                                                                    :    Chapter 15
                                                                          :
RICHCOURT EURO STRATEGIES INC., *et al.*,[1]                              :    Case No. 15-_____(___)
                                                                          :
            Debtors in Foreign Proceedings.                               :    Jointly Administered
                                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER GRANTING RECOGNITION OF FOREIGN
## MAIN PROCEEDINGS AND RELATED RELIEF PURSUANT TO SECTIONS
## 1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE

This matter came before the Court upon the verified petitions of John D. Ayres and

Matthew Wright, in their capacity as joint liquidators (the "Petitioners") of America Alternative

Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt

Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively,

the "Funds") and as duly authorized foreign representatives as defined by section 101(24) of title

11 of the United States Code, as amended (the "Bankruptcy Code") in the above-captioned

chapter 15 cases, for the entry of an order granting recognition of foreign main proceedings (the

"Petitions").  The Court has reviewed and considered, among other things, (i) the Petitions and

the exhibits attached thereto, (ii) the Memorandum of Law in Support of Verified Petitions for

Recognition of Foreign Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and

1521 of the Bankruptcy Code, (iii) the Declaration of Sandie Corbett, BVI legal counsel to the

Petitioners, dated August 11, 2015, and (iv) the arguments and testimony presented at the

---

[1]  The Debtors in these chapter 15 cases are: (i) America Alternative Investments Inc.; (ii) Optima Absolute Return
Fund Ltd.; (iii) Richcourt Allweather B Inc.; (iv) Richcourt Allweather Fund Inc.; (v) Richcourt Composite Inc.;
and (vi) Richcourt Euro Strategies Inc.  The registered office for the Funds is located at 171 Main Street, P.O. Box
92, Road Town, Tortola, VG 1110, BVI.

hearing held on September __, 2015. Based on the foregoing, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     The Petitioners, as joint liquidators of the Funds, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code.

E.     The Funds are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code.

F.     The center of the Funds' main interests is the British Virgin Islands, and the Funds are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code.

G.     The above-captioned chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

H.     The Petitions satisfy the requirements of section 1515 of the Bankruptcy Code.

I.     The Petitioners have standing to commence litigation in a court in the United States pursuant to section 1509(b)(1) of the Bankruptcy Code.

J.     The Petitioners are entitled to all the relief pursuant to section 1521 of the Bankruptcy Code as ordered by this Court.

K.     The relief requested is necessary and appropriate, in the interests of international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105(a), 1517, 1520, and 1521 of the Bankruptcy Code.

22850396

**NOW, THEREFOR, IT IS HEREBY**

**ORDERED** that the Funds' liquidation proceedings pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "<u>BVI Proceedings</u>") are granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED** that the BVI Proceedings are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED** that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding, and the foreign representatives of such foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the BVI Proceedings, the Funds, and the Petitioners, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

**ORDERED** that the action captioned *Fletcher International, Ltd. v. Richcourt Euro Strategies Inc., Richcourt Allweather B Inc., America Alternative Investments Inc., and Pitagora Fund Ltd. (In re Fletcher International, Ltd.)*, Ch. 11 Case No. 12-12796 (REG), Adv. No. 14-02029 (REG) (Bankr. S.D.N.Y. 2014) is stayed; and it is further

**ORDERED** that the Petitioners are entrusted with the administration and realization of all or a part of the Funds' assets within the territorial jurisdiction of the United States; and it is further

**ORDERED** that the Petitioners are authorized to operate the business of the Funds, which are the subject of the BVI Proceedings, and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

3

**ORDERED** that the Petitioners are hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Funds under the law of the United States without further order of this Court; and it is further

**ORDERED** that the Petitioners are entitled to all the relief pursuant to section 1521 of the Bankruptcy Code as ordered by this Court; and it is further

**ORDERED** that section 108 of the Bankruptcy Code applies to the above captioned chapter 15 cases and that the relief provided therein, including section 108(a), is available to the Petitioners from and after the filing of the Petitions on August 12, 2015; and it is further

**ORDERED** that the Petitioners are authorized to file suit within the United States in furtherance of their activities as liquidators; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, and requests for any additional relief in these chapter 15 cases and all adversary proceedings in connection herewith properly commenced and within the jurisdiction of this Court; and it is further

**ORDERED** that a copy of this Order shall be served by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon (i) the Funds, (ii) all parties to litigation pending in the United States in which the Funds are a party at the time of the filing of the Petitions and their respective counsel, if known, (iii) the U.S. Trustee, (iv) all known creditors of the Funds, (v) all known investors of the Funds, and (vi) such other entities as the Court may direct; and it is further

4

15-12268-mg    Doc 1    Filed 08/12/15    Entered 08/12/15 19:03:37    Main Document
Pg 24 of 50


**ORDERED** that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
_____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

5

22850396

**EXHIBIT B**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

IN THE MATTER OF AMERICA ALTERNATIVE INVESTMENTS INC.
AND IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004
AND IN THE MATTER OF THE INSOLVENCY ACT, 2003



Claim No. BVIHC(COM) 2014/0066

**(1) AMERICA ALTERNATIVE INVESTMENTS INC.**

**(2) OPTIMA ABSOLUTE RETURN FUND LTD**

**(3) RICHCOURT ALLWEATHER B INC.**

**(4) RICHCOURT ALLWEATHER FUND INC.**

**(5) RICHCOURT COMPOSITE INC.**

**(6) RICHCOURT EURO STRATEGIES INC.**

**Applicants**

---

### ORDER APPOINTING LIQUIDATORS

---

**BEFORE:**    The Honourable Justice Edward Bannister QC

**MADE:**    The 21st day of July 2014

**ENTERED:**    The 23 day of July 2014

**UPON THE APPLICATION** of the Applicants, America Alternative Investments Inc., Optima Absolute Return Fund Ltd, Richcourt Allweather Fund Inc., Richcourt Allweather B Inc., Richcourt Composite Inc. and Richcourt Euro Strategies Inc.

**AND UPON HEARING** Oliver Clifton, Counsel for the Applicants, Robert Nader, Counsel for Mr Alphonse Fletcher Jnr, and Brian Lacy, Counsel for Citco Global Custody (N.A.) NV

**AND UPON READING** the documents filed in support of the application

**IT IS HEREBY ORDERED THAT:**

1.    America Alternative Investments Inc. (the "**Company**") be liquidated by the Court under the provisions of the Insolvency Act 2003 (the "**Act**")

2.    Mr John Ayres of PWC (BVI) Ltd, Wickham's Cay 1, PO Box 4654, Road Town, Tortola, British Virgin Islands and Mr Matthew Wright of RHSW (Cayman) Limited PO Box 897,

Windward 1, Regatta Office Park, West Bay Road, Grand Cayman KY1-1103, Cayman Islands, be appointed as joint and several liquidators (the "**Liquidators**") of the Company, subject to the proviso that the Financial Services Commission may before close of business on Friday 25 July 2014, make an application objecting to the appointment of Mr Wright. If no such application is made then Mr Wight's appointment is confirmed without further order.

3.   The Liquidators be at liberty to employ such other counsel, solicitors or other agents in the British Virgin Islands or elsewhere to assist them with their duties as will be required to be carried out by them at such hourly rates as agreed from time to time by the Liquidators and these other solicitors or agents.

4.   That the Liquidators shall have the powers necessary to carry out the functions and duties of a liquidator under the Act, in the British Virgin Islands or elsewhere, including the powers specified in Schedule 2 of the Act, namely to:

(a)   Pay any class of creditors in full;

(b)   Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Company, whether present or future, certain or contingent, ascertained or not;

(c)   Compromise, on such terms as may be agreed:

(i)   calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

(ii)   questions in any way relating to or affecting the assets or the liquidation of the Company;

and take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

(d)   Commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the Company.

(e)   Carry on the business of the Company so far as may be necessary for its beneficial liquidation.

(f)   Sell or otherwise dispose of property of the Company.

(g)   Do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other documents.

(h)   Use the Company seal.

(i)   Prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect

2

of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

(j)    Draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Company with the same effect with respect to the Company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the Company in the course of its business.

(k)    Borrow money, whether on the security of the assets of the Company or otherwise.

(l)    Take out in their official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of the Company.

For the purpose of enabling the Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the Liquidators themselves.

(m)    Call meetings of creditors or members for:

    (i)    the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

    (ii)    the purpose of ascertaining the views of the creditors or members on any matter arising in the liquidation; or

    (iii)    such other purpose connected with the liquidation as the Liquidators consider fit.

(n)    Appoint solicitors, accountants or other professionally qualified persons to assist the Liquidators in the performance of their duties.

(o)    Appoint an agent to do any business that the Liquidators are unable to do themselves, or which can be more conveniently done by an agent.

5.    The powers of the Liquidators set out in paragraph 4(a) to 4(d) shall only be exercisable with the sanction of the Court. The powers of the Liquidators set out in paragraphs 4(e) to 4(o) shall be exercisable without requiring the sanction of the Court.

6.    The costs of the liquidation, including the proper fees and disbursements of the Liquidators, be paid out of the assets of the Company in priority to all other claims.

7.    The costs of this application be paid out of the Company assets as costs in the liquidation of the Company.


**BY THE COURT**

**Dep. REGISTRAR**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

IN THE MATTER OF AMERICA ALTERNATIVE INVESTMENTS INC.
AND IN THE MATTER OF THE BVI BUSINESS COMPANIES ACT, 2004
AND IN THE MATTER OF THE INSOLVENCY ACT, 2003

CLAIM NO. BVIHC(COM) 2014/0066

(1)    AMERICA ALTERNATIVE INVESTMENTS INC.
(2)    OPTIMA ABSOLUTE RETURN FUND LTD
(3)    RICHCOURT ALLWEATHER B INC.
(4)    RICHCOURT ALLWEATHER FUND INC.
(5)    RICHCOURT COMPOSITE INC.
(6)    RICHCOURT EURO STRATEGIES INC.
**Applicants**

_____

ORDER APPOINTING LIQUIDATORS

_____

**Walkers**
**Legal Practitioners for the Applicants**

171 Main Street
PO Box 92
Road Town
Tortola
British Virgin Islands

Tel: +1 (284) 494 2204
Fax: +1 (284) 494 6683
Ref: RL/JPE/B08816

**<u>EXHIBIT C</u>**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
In re:                                                              :    Chapter 15
                                                                    :
RICHCOURT EURO STRATEGIES INC., *et al.*,[1]                        :    Case No. 15-_____(___)
                                                                    :
        Debtors in Foreign Proceedings.                            :    Jointly Administered
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT OF FOREIGN REPRESENTATIVE**
**AS REQUIRED BY 11 U.S.C. § 1515**

I, John D. Ayres, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over the age of 18 and, if called upon, could testify to all matters set forth in this statement based upon my own personal knowledge except for those portions specified as being otherwise.

2.      On July 21, 2014, the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court made an order (the "BVI Proceedings") appointing Matthew Wright and me as the joint liquidators (together, the "Petitioners") of

---

[1]  The Debtors in these chapter 15 cases are:  (i) America Alternative Investments Inc.; (ii) Optima Absolute Return Fund Ltd.; (iii) Richcourt Allweather B Inc.; (iv) Richcourt Allweather Fund Inc.; (v) Richcourt Composite Inc.; and (vi) Richcourt Euro Strategies Inc.  The registered office for the Funds is located at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI.

America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively, the "Funds").

3.      This statement is being submitted pursuant to section 1515(c) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), and in connection with the form petitions and accompanying verified petitions (together, the "Petitions") filed contemporaneously herewith under chapter 15 of the Bankruptcy Code.  The Petitions were filed with the United States Bankruptcy Court for the Southern District of New York (the "Court").

4.      The BVI Proceedings are the only foreign proceedings with respect to the Funds known to the Petitioners.

5.      Each Fund was incorporated in the BVI and registered as a company under section 6(a) of the BVI Business Companies Act 2004.

6.      The Funds were incorporated on the following dates:

    (a)      America Alternative Investments Inc. – October 19, 1990

    (b)      Optima Absolute Return Fund Ltd. – May 27, 2005

    (c)      Richcourt Allweather B Inc. – October 31, 1996

    (d)      Richcourt Allweather Fund Inc. – October 31, 1996

    (e)      Richcourt Composite Inc. – May 24, 2005

    (f)      Richcourt Euro Strategies Inc. – February 14, 2000

7.      With the exception of Richcourt Allweather B Inc., each Fund is registered as a professional fund under the jurisdiction of the BVI Financial Services Commission.

8.      The registered office for each Fund is located at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI, and the registered agent for each Fund is Intertrust Corporate Services (BVI) Limited.

9.      I have read the Declaration of Sandie Corbett, BVI legal counsel to the Petitioners, dated August 11, 2015 and, therefore, believe that the BVI Proceedings are "foreign main proceedings."  This is based on my understanding of how that term is defined under sections 101(23) and 1502(4) of the Bankruptcy Code because, among other things, the primary activities concerning the liquidation of the Funds is taking place in the BVI.  In connection with the BVI Proceedings, the Petitioners, are responsible for, among other things, liquidating the assets of the Funds, carrying on the business of the Funds, investigating causes of action that the Funds may possess, and prosecuting and settling or otherwise resolving such causes of action as they deem appropriate.

10.     If the Court determines that the BVI is not the center of the Funds' main interests and, therefore, that the chapter 15 cases commenced by the Petitions may not be treated as foreign main proceedings, it is respectfully requested that the Court entertain the Petitions as seeking recognition of, and relief respecting, foreign nonmain proceedings, as defined in section 1502(5) of the Bankruptcy Code.  The Funds have an establishment, as defined by section 1502(2) of the Bankruptcy Code, in the BVI.

11.     On July 28, 2015, the Petitioners filed with the BVI Court an application for sanction to commence the Funds' chapter 15 cases seeking recognition of the BVI Proceedings. The BVI Court approved such application by order made on August 6, 2015, a copy of which is attached to each Petition as <u>Exhibit F</u>.

3

IN WITNESS WHEREOF, I have executed this Statement under penalty of perjury under the laws of the United States of America this 12th day of August, 2015.

*/s/ John D. Ayres*

John D. Ayres, a Joint Liquidator of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc.

4

**EXHIBIT D**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :        Chapter 15
                                              :
AMERICA ALTERNATIVE INVESTMENTS INC.,         :        Case No. 15-_____(___)
                                              :
          Debtor in a Foreign Proceeding.     :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT PURSUANT
## TO BANKRUPTCY RULES 1007(A)(4) AND 7007.1

John D. Ayres and Matthew Wright, in their capacity as joint liquidators (the

"Petitioners") of America Alternative Investments Inc. (the "Fund"), and as duly authorized

foreign representatives as defined by section 101(24) of title 11 of the United States Code, as

amended (the "Bankruptcy Code"), through their United States counsel, Curtis, Mallet-Prevost,

Colt & Mosle LLP, hereby file this Corporate Ownership Statement pursuant to Rules 1007(a)(4)

and 7007.1 of the Federal Rules of Bankruptcy Procedure, and state that the following entities

own 10% or more of any class of the Fund's equity interests, as set forth below:

- Citco Investment Advisers Limited: holding 100 (or 10% of) Class A Shares, voting
  and non-participating

- Richcourt BVI Holdings LLC: holding 900 (or 90% of) Class A shares, voting and
  non-participating

Due to incomplete records and financial information of the Fund, the Petitioners are unable at this time to confirm the current shareholding positions of the Fund's other classes of shares.  The Petitioners will file an updated list of shareholding positions of the other classes of shares to the extent that any additional information becomes known to the Petitioners after the date hereof.

Dated: New York, New York
       August 12, 2015

                                   **CURTIS, MALLET-PREVOST,**
                                   **COLT & MOSLE LLP**

                            By:      */s/ Steven J. Reisman*
                                   Steven J. Reisman
                                   L. P. Harrison 3rd
                                   James V. Drew
                                   Lauren Tauro
                         101 Park Avenue
                         New York, New York 10178-0061
                         Telephone: (212) 696-6000
                         Facsimile:  (212) 697-1559

                         *Counsel for the Petitioners*

2

**<u>EXHIBIT E</u>**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :        Chapter 15
                                                    :
AMERICA ALTERNATIVE INVESTMENTS INC.,               :        Case No. 15-_____(___)
                                                    :
              Debtor in a Foreign Proceeding.       :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LIST FILED PURSUANT TO BANKRUPTCY RULE 1007(A)(4)

I, John D. Ayres, as a joint liquidator of America Alternative Investments Inc. (the

"Fund"), hereby file, as a duly authorized foreign representative, as defined by section 101(24)

of title 11 of the United States Code, as amended (the "Bankruptcy Code"), in the above-

captioned case under chapter 15 of the Bankruptcy Code, the following list in accordance with

Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure, which provides:

> [A] foreign representative filing a petition for recognition under
> chapter 15 shall file with the petition . . . a list containing the
> names and addresses of all persons or bodies authorized to
> administer foreign proceedings of the debtor, all parties to
> litigation pending in the United States in which the debtor is a
> party at the time of the filing of the petition, and all entities against
> whom provisional relief is being sought under § 1519 of the Code.

Fed. R. Bankr. P. 1007(a)(4).

**Name and Address of Administrators in Foreign Proceeding Respecting the Fund**

On July 21, 2014, the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court made an order placing the Fund into formal liquidation and appointing Matthew Wright and me as the Fund's joint liquidators (together, the "Petitioners").

The addresses of the Petitioners are as follows:

John D. Ayres
Director
PricewaterhouseCoopers (BVI) Limited
Palm Grove House, 2nd Floor
Wickham's Cay I, Road Town
Tortola, BVI

Matthew Wright
RHSW (Cayman) Limited
P.O. Box 897, Windward 1
Regatta Office Park, West Bay Road
Grand Cayman, KY1-1103, Cayman Islands

**Litigation Parties in the United States**

As of the date of the filing of this Petition, the Petitioners are aware of the following litigation pending in the United States:

- *Fletcher International, Ltd. v. Richcourt Euro Strategies Inc., Richcourt Allweather B Inc., America Alternative Investments Inc., and Pitagora Fund Ltd. (In re Fletcher International, Ltd.)*, Ch. 11 Case No. 12-12796, Adv. No. 14-02029 (Bankr. S.D.N.Y. 2014)

**Entities Against Whom Provisional Relief is Sought Under 11 U.S.C. § 1519**

The Petitioners are not seeking provisional relief under section 1519 of the Bankruptcy Code.

22850396

I, John D. Ayres, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information, and belief, complete and correct.

Dated:  August 12, 2015

_/s/ John D. Ayres_____
John D. Ayres, a Joint Liquidator of America Alternative Investments Inc.

3

**<u>EXHIBIT F</u>**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION



IN THE MATTER OF THE INSOLVENCY ACT, 2003

**AND IN THE MATTER OF America Alternative Investments Inc. (in liquidation), Optima Absolute Return Fund Ltd (in liquidation), Richcourt Allweather B Inc (in liquidation), Richcourt Allweather Fund Inc. (in liquidation), Richcourt Composite Inc. (in liquidation), and Richcourt Euro Strategies Inc. (in liquidation) (the "Funds")**

**Claim No. BVIHC(COM) 2014/0066**

### JOHN AYRES AND MATTHEW WRIGHT

**(In their capacity as Joint Liquidators of America Alternative Investments Inc. (in liquidation), Optima Absolute Return Fund Ltd (in liquidation), Richcourt Allweather B Inc (in liquidation), Richcourt Allweather Fund Inc. (in liquidation), Richcourt Composite Inc. (in liquidation), and Richcourt Euro Strategies Inc. (in liquidation))**

**Applicants**

---

### ORDER

---

**BEFORE:**    The Honourable Justice Barry Leon

**MADE:**      6 August 2015

**ENTERED:**   11ᵗʰ August 2015

**UPON THE APPLICATION** pursuant to s.186 (5) of the Insolvency Act 2003 of John Ayres and Matthew Wright as Joint Liquidators ("**JLs**") of America Alternative Investments Inc. (in liquidation), Optima Absolute Return Fund Ltd (in liquidation), Richcourt Allweather B Inc (in liquidation), Richcourt Allweather Fund Inc. (in liquidation), Richcourt Composite Inc. (in liquidation), and Richcourt Euro Strategies Inc. (in liquidation) (the "**Funds**") filed herein on 28 July 2015 (the "**Application**")

**AND UPON HEARING** Counsel for the Applicants

**AND UPON READING** the First Witness Statement of John Ayres dated 28 July 2015 and exhibit JA5 filed in support of the Application

1

**IT IS HEREBY ORDERED THAT:**

1.      the JLs are granted permission to seek recognition pursuant to Chapter 15 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York and take any appropriate steps in connection with such application

2.      the Court File in this Application and the transcript of this hearing be sealed

3.      the balance of the Application be adjourned to a date to be fixed

4.      the costs of today's hearing be costs in the liquidation of the Funds

**BY THE COURT**

**REGISTRAR**

2

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

IN THE MATTER OF THE INSOLVENCY ACT,
2003

AND IN THE MATTER OF America Alternative
Investments Inc. (in liquidation), Optima
Absolute Return Fund Ltd (in liquidation),
Richcourt Allweather B Inc (in liquidation),
Richcourt Allweather Fund Inc. (in liquidation),
Richcourt Composite Inc. (in liquidation), and
Richcourt Euro Strategies Inc. (in liquidation)
(the "Funds")

Claim No. BVIHC(COM) 2014/0066

JOHN AYRES AND MATTHEW WRIGHT

(In their capacity as Joint Liquidators of
America Alternative Investments Inc. (in
liquidation), Optima Absolute Return Fund Ltd
(in liquidation),   Richcourt Allweather B Inc (in
liquidation), Richcourt Allweather Fund Inc. (in
liquidation), Richcourt Composite Inc. (in
liquidation), and Richcourt Euro Strategies Inc.
(in liquidation))

Applicants

_____

ORDER

_____

**Walkers**
**Legal Practitioners for the Applicants**

171 Main Street
PO Box 92
Road Town
Tortola
British Virgin Islands

Tel: +1 (284) 494 2204
Fax: +1 (284) 494 6683
Ref: GC/SC/B08908

3

**<u>EXHIBIT G</u>**

**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                  :
In re:                                                            :    Chapter 15
                                                                  :
RICHCOURT EURO STRATEGIES INC., *et al.*,[1]                      :    Case No. 15-_____(___)
                                                                  :
           Debtors in Foreign Proceedings.                        :    Jointly Administered
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF FILING OF PETITIONS AND OTHER PLEADINGS
PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520, AND 1521 OF THE
BANKRUPTCY CODE SEEKING RECOGNITION OF FOREIGN PROCEEDINGS**

       **PLEASE  TAKE  NOTICE**  that,  on  August  12,  2015,  John  D.  Ayres  and

Matthew Wright, in their capacity as joint liquidators (the "Petitioners") of America Alternative

Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt

Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively,

the "Funds"), and as duly authorized foreign representatives as defined by section 101(24) of

title 11 of the United States Code, as amended (the "Bankruptcy Code"), through their United

States counsel, Curtis, Mallet, Prevost, Colt & Mosle LLP, filed with respect to each Fund, form

---

[1]  The Debtors in these chapter 15 cases are: (i) America Alternative Investments Inc.; (ii) Optima Absolute Return Fund Ltd.; (iii) Richcourt Allweather B Inc.; (iv) Richcourt Allweather Fund Inc.; (v) Richcourt Composite Inc.; and (vi) Richcourt Euro Strategies Inc.  The registered office for the Funds is located at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI.

petitions and accompanying verified petitions pursuant to chapter 15 of the Bankruptcy Code (together, the "Petitions") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking recognition of the Funds' liquidation proceedings under the BVI Insolvency Act 2003 pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "BVI Proceedings") as "foreign main proceedings," or, in the alternative, as "foreign nonmain proceedings," as defined in sections 1502(4) and 1502(5), respectively, of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petitions, and all exhibits attached thereto, are attached hereto, along with the (i) the Memorandum of Law in Support of Verified Petitions for Recognition of Foreign Proceedings Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code and (ii) the Declaration of Sandie Corbett, BVI legal counsel to the Petitioners, dated August 11, 2015.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Petitioners' request for recognition of the BVI Proceedings as foreign main proceedings, or, in the alternative, as foreign nonmain proceedings, and related relief shall be held on _____ __, 2015 at __:__ .m. (EST) before the Honorable ____, in Room ___ of the Bankruptcy Court, One Bowling Green, New York, New York 10004 or as soon thereafter as counsel may be heard (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that at the Hearing, pursuant to Local Rule 2002-4, the Bankruptcy Court may order the scheduling of a case management conference to consider the efficient administration of these chapter 15 cases.

**PLEASE TAKE FURTHER NOTICE** that any party in interest wishing to submit a response or objection to the Petitions or the relief requested by the Petitioners must do so in writing, setting forth the bases therefore, pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court, and shall be filed

2

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with a hard copy delivered directly to Chambers), in accordance with General Order M-

182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with

General Order M-399 upon (i) the chambers of the Honorable ___, One Bowling Green, New

York, New York 10004, Courtroom ___ and (ii) the undersigned attorneys for the Petitioners, so

as to be received no later than [DATE] at [4:00 p.m.] (EST).

       **PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the

Petitions or the Petitioners' requests for relief must appear at the Hearing at the time and place

set forth above.

       **PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely

filed and served as provided above, the Bankruptcy Court may grant the recognition and relief

requested by the Petitions without further notice.

Dated: New York, New York
      August __, 2015

                 **CURTIS, MALLET-PREVOST,**
                 **COLT & MOSLE LLP**

                 By: _____
                       Steven J. Reisman
                       L. P. Harrison 3rd
                       James V. Drew
                       Lauren Tauro
                 101 Park Avenue
                 New York, New York 10178-0061
                 Telephone: (212) 696-6000
                 Facsimile: (212) 697-1559

                 *Counsel for the Petitioners*