**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| AMERICA ALTERNATIVE INVESTMENTS INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| OPTIMA ABSOLUTE RETURN FUND LTD., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER B INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER FUND INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT COMPOSITE INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT EURO STRATEGIES INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

------------------------------------- x

**MOTION OF FOREIGN REPRESENTATIVES FOR AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES
<u>PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015</u>**

John D. Ayres and Matthew Wright, in their capacity as joint liquidators (the "Petitioners") of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively, the "Funds"), and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), through their United States counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, respectfully submit this motion (the "Motion") for the entry of an order directing and authorizing the joint administration of the above-captioned chapter 15 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Motion, the Petitioners respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

2.  Venue is properly located in this district pursuant to 28 U.S.C. § 1410.

3.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

**BACKGROUND**

4.  On August 12, 2015, the Petitioners, in their capacity as joint liquidators of the Funds and as duly authorized foreign representatives as defined by section 101(24) of the Bankruptcy Code, filed a form petition and accompanying verified petition on behalf of each Fund pursuant to chapter 15 of the Bankruptcy Code (the "Petitions") with the Court seeking recognition of the Funds' liquidation proceedings under the British Virgin Islands Insolvency Act 2003 pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court as "foreign main proceedings," or, in the alternative,

2

as "foreign nonmain proceedings," as defined in sections 1502(4) and 1502(2), respectively, of the Bankruptcy Code.

5. Additional background concerning the Funds' chapter 15 cases is set forth in the Petitions.

## RELIEF REQUESTED

6. By this Motion, the Petitioners seek entry of an order directing and authorizing the joint administration of the Funds' chapter 15 cases for procedural purposes only.

7. The Petitioners request that the Court establish the following official caption to be used by all parties in all pleadings in the Funds' jointly administered chapter 15 cases:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT EURO STRATEGIES INC., *et al.*,[1] | : | Case No. 15-_____(___) |
| Debtors in Foreign Proceedings. | : | Jointly Administered |

8. The Petitioners also request that the Court enter a notation substantially similar to the following notation on the docket in each Fund's chapter 15 case to reflect the joint administration of the cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. The docket for Case No. 15-____(__) should be consulted for all matters affecting this case.

---

[1] The Debtors in these chapter 15 cases are: (i) America Alternative Investments Inc.; (ii) Optima Absolute Return Fund Ltd.; (iii) Richcourt Allweather B Inc.; (iv) Richcourt Allweather Fund Inc.; (v) Richcourt Composite Inc.; and (vi) Richcourt Euro Strategies Inc. The registered office for the Funds is located at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI.

3

**BASIS FOR RELIEF REQUESTED**

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Funds are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. *See* Petitions at ¶¶ 9, 14-17. Accordingly, the Court is authorized to grant the relief requested under Bankruptcy Rule 1015(b).

10. Joint administration of the Funds' chapter 15 cases will help to provide significant administrative convenience without harming the substantive rights of any party in interest. Specifically, joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, motions, applications, and orders, thereby saving the Funds and the Court considerable expense and resources. Joint administration will also permit the Clerk of the Court to use a single general docket for the Funds' cases and to combine notices to creditors and other parties in interest. Furthermore, joint administration will protect all parties in interest by ensuring that such parties will be apprised of the various matters before the Court in each of the Funds' respective chapter 15 cases.

11. The relief requested in this Motion will not adversely affect the rights of the Funds' respective creditors or any other parties in interest because the relief is purely administrative, and not substantive. All creditors and other parties in interest will retain the claims, interests, or rights that they have in or against a particular Fund's estate.

**NOTICE**

12. In accordance with Bankruptcy Rule 2002(q), the Petitioners will provide notice of this Motion by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon (i) the Funds, (ii) all parties to

litigation pending in the United States in which the Funds are a party at the time of the filing of the Petitions and their respective counsel, if known, (iii) the U.S. Trustee, (iv) all known creditors of the Funds, (v) all known investors of the Funds, and (vi) such other entities as the Court may direct.  In light of the administrative nature of the relief requested in the Motion, the Petitioners respectively submit that no further notice is necessary.

13. No prior request for the relief requested herein has been made to this or any other court in the United States.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, directing and authorizing the joint administration of the Funds' chapter 15 cases and grant such other and further relief as may be just and proper.

Dated:  New York, New York
August 12, 2015

                            **CURTIS, MALLET-PREVOST,
                             COLT & MOSLE LLP**

By:    /s/ Steven J. Reisman
       Steven J. Reisman
       L. P. Harrison 3rd
       James V. Drew
       Lauren Tauro
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Petitioners*

5

22636208

# **EXHIBIT A**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| AMERICA ALTERNATIVE INVESTMENTS INC., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| OPTIMA ABSOLUTE RETURN FUND LTD., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER B INC., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER FUND INC., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| RICHCOURT COMPOSITE INC., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |
| In re: | : | Chapter 15 |
| RICHCOURT EURO STRATEGIES INC., | : | Case No. 15-_____(____) |
|     Debtor in a Foreign Proceeding. | : | |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015**

Upon the Motion[1] of John D. Ayres and Matthew Wright, in their capacity as joint liquidators (the "Petitioners") of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively, the "Funds"), and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), for the entry of an order directing and authorizing the joint

---
[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

administration of the above-captioned chapter 15 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure for procedural purposes only; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code; and upon consideration of the Motion and the arguments contained therein; and the Court having found that no other or further notice is required; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the relief requested in the Motion is granted; and it is further

**ORDERED** that the Funds' chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by the Court; and it is further

**ORDERED** that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the chapter 15 cases; and it is further

**ORDERED** that the caption of the jointly administered cases satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects and shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT EURO STRATEGIES INC., *et al.*,[1] | : | Case No. 15-_____(___) |
| Debtors in Foreign Proceedings. | : | Jointly Administered |

And it is further

---

[1] The Debtors in these chapter 15 cases are: (i) America Alternative Investments Inc.; (ii) Optima Absolute Return Fund Ltd.; (iii) Richcourt Allweather B Inc.; (iv) Richcourt Allweather Fund Inc.; (v) Richcourt Composite Inc.; and (vi) Richcourt Euro Strategies Inc.  The registered office for the Funds is located at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI.

2

22636208

**ORDERED** that a docket entry shall be made in the Funds' chapter 15 cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. The docket for Case No. 15-____(__) should be consulted for all matters affecting this case.

And it is further

**ORDERED** that the Petitioners are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED** that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE