**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
James V. Drew
Lauren Tauro

*Counsel for the Petitioners*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| AMERICA ALTERNATIVE INVESTMENTS INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| OPTIMA ABSOLUTE RETURN FUND LTD., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER B INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT ALLWEATHER FUND INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT COMPOSITE INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| RICHCOURT EURO STRATEGIES INC., | : | Case No. 15-_____(____) |
| Debtor in a Foreign Proceeding. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITIONS**
**FOR RECOGNITION OF FOREIGN PROCEEDINGS PURSUANT TO**
**SECTIONS 1504, 1509, 1515, 1517, 1520, AND 1521 OF THE BANKRUPTCY CODE**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

FACTS ...................................................................................................................................3

ARGUMENT ..........................................................................................................................3

    I.    The Funds are Eligible to be Debtors under Section 109(a) of the
Bankruptcy Code ...................................................................................................3

    II.    These Cases are Proper under Chapter 15 ...............................................................4

        A.    The BVI Proceedings are Foreign Proceedings ...........................................4

            i.    The BVI Proceedings are "Proceedings" ........................................5

            ii.    The BVI Proceedings are Both Judicial and Administrative ..........6

            iii.    The BVI Proceedings are Collective in Nature...............................7

            iv.    The BVI Proceedings are Located in a Foreign Country.................7

            v.    The BVI Act Relates to Insolvency or the Adjustment of
Debts ...............................................................................................7

            vi.    The BVI Proceedings Subject the Funds' Assets and
Affairs to a Foreign Court's Control or Supervision ......................8

            vii.    The BVI Proceedings are for the Purpose of Liquidation...............8

        B.    The Cases Were Commenced by the Funds' Foreign
Representatives ...........................................................................................9

    III.    The BVI Proceedings Should be Recognized as Foreign Main Proceedings ........10

    IV.    Alternatively, the BVI Proceedings Should be  Recognized as Foreign
Nonmain Proceedings ...........................................................................................13

    V.    The Petitioners Request Necessary and Appropriate  Relief Pursuant to
Section 1521(a) of the Bankruptcy Code...............................................................13

    VI.    Section 108 of the Bankruptcy Code Applies to these Chapter 15 Cases .............15

    VII.    The Requested Relief Should be Granted...............................................................16

CONCLUSION.....................................................................................................................18

**TABLE OF AUTHORITIES**

**Cases**

*Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*,
  480 B.R. 129 (S.D.N.Y. 2012)................................................................... 5

*CT Inv. Mgmt. Co., LLC v. Cozumel Caribe, S.A. de C.V. (In re Cozumel Caribe, S.A. de C.V.)*,
  482 B.R. 96 (Bankr. S.D.N.Y. 2012)....................................................... 17

*Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*,
  737 F.3d 238 (2d Cir. 2013)...................................................................... 3

*In re ABC Learning Ctrs. Ltd.*,
  445 B.R. 318 (Bankr. D. Del. 2010) ......................................................... 6

*In re Betcorp Ltd.*,
  400 B.R. 266 (Bankr. D. Nev. 2009) .............................................. 5, 6, 11

*In re Elpida Memory, Inc.*,
  No. 12-10947, 2012 WL 6090194 (Bankr. D. Del. Nov. 20, 2012) ....... 17

*In re Fairfield Sentry Ltd.*,
  452 B.R. 52 (Bankr. S.D.N.Y. 2011) ...................................................... 15

*In re Fairfield Sentry Ltd.*,
  No. 10-13164 (BRL) (Bankr. S.D.N.Y. 2010).......................................... 9

*In re Fairfield Sentry, Ltd.*,
  440 B.R. 60 (Bankr. S.D.N.Y.  2010) ....................................................... 5

*In re Farenco Shipping Co., Ltd.*,
  No. 11-14138 (REG) (Bankr. S.D.N.Y. 2011) ......................................... 9

*In re Hellas Telecommc'ns (Luxembourg) II SCA*,
  524 B.R. 488, (Bankr. S.D.N.Y. 2015) ............................................. 15, 16

*In re Lawndale Group S.A.*,
  15-11310 (SCC) (Bankr. S.D.N.Y. 2015).................................................. 9

*In re OAS S.A., et al.*,
  No. 15-10937, 2015 WL 4197076 (Bankr. S.D.N.Y. July 13, 2015) .......... 10, 11, 12

*In re Octaviar Admin. Pty Ltd.*,
  511 B.R. 361 (Bankr. S.D.N.Y. 2014)....................................................... 3

*In re Pioneer Freight Futures Co., Ltd.*,
  No. 13-12324 (JMP) (Bankr. S.D.N.Y. 2013) .......................................... 9

*In re Rede Energia S.A.*,
  515 B.R. 69 (Bankr. S.D.N.Y. 2014).................................................. 13, 16

*In re SPhinX, Ltd.*,
   351 B.R. 103 (Bankr. S.D.N.Y. 2006).............................................. 11, 13

*In re Suntech Power Holdings, Co.*,
  520 B.R. 399 (Bankr. S.D.N.Y. 2014)................................................ 10, 11

*In re Transfield Cape Ltd. (BVI)*,
  No. 10-16270 (MG) (Bankr. S.D.N.Y. 2010)............................................ 9

*Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*,
  714 F.3d 127 (2d Cir. 2013).............................................................. 10, 12

**Statutes**

11 U.S.C. § 101(23) .............................................................................. 5, 6

11 U.S.C. § 103(a) ................................................................................................ 15

11 U.S.C. § 108(a)-(b) ......................................................................................... 15

11 U.S.C. § 109(a) .................................................................................................. 3

11 U.S.C. § 1501(b)(l) ........................................................................................... 4

11 U.S.C. § 1502 .................................................................................................... 8

11 U.S.C. § 1502(2) ............................................................................................. 13

11 U.S.C. § 1502(4) ............................................................................................. 10

11 U.S.C. § 1509(b) ............................................................................................... 4

11 U.S.C. § 1509(b)-(f) ....................................................................................... 17

11 U.S.C. § 1516(c) ............................................................................................. 10

11 U.S.C. § 1517 .................................................................................................. 16

11 U.S.C. § 1517(a) ............................................................................................... 4

11 U.S.C. § 1517(a)(1) .......................................................................................... 4

11 U.S.C. § 1517(b)(1) ........................................................................................ 10

11 U.S.C. § 1520 .................................................................................................. 16

11 U.S.C. § 1521(a) ....................................................................................... 13, 14

11 U.S.C. § 1521(c) ............................................................................................. 14

11 U.S.C. § 1522(a) ............................................................................................. 13

BVI Insolvency Act 2003 § 207 ............................................................................ 7

**Other Authorities**

2 COLLIER ON BANKRUPTCY ¶ 101.23 (16th ed. rev. 2013) ........................................ 7

H.R. Rep. 109-31, pt. 1 (2005) ........................................................................... 16

22632506

John D. Ayres and Matthew Wright, in their capacity as joint liquidators (the "Petitioners"), of America Alternative Investments Inc., Optima Absolute Return Fund Ltd., Richcourt Allweather B Inc., Richcourt Allweather Fund Inc., Richcourt Composite Inc., and Richcourt Euro Strategies Inc. (collectively, the "Funds"), and as duly authorized foreign representatives as defined in section 101(24) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), through their United States counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), respectfully submit this Memorandum of Law in support of the form petitions and accompanying verified petitions filed by the Petitioners on behalf of each Fund pursuant to chapter 15 of the Bankruptcy Code (together, the "Petitions") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). Accordingly, the Petitioners seek recognition of the liquidation proceedings respecting the Funds pending in the British Virgin Islands (the "BVI") as foreign main proceedings or, in the alternative, as foreign nonmain proceedings.

## **PRELIMINARY STATEMENT**

1.      The Petitioners, as foreign representatives of the Funds, commenced the above captioned chapter 15 cases by filing the Petitions contemporaneously with, and accompanied by, all certifications, statements, lists, and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As set forth in (i) the Petitions, and all exhibits attached thereto, and (ii) the Declaration of Sandie Corbett, BVI legal counsel to the Petitioners, dated August 11, 2015 (the "Corbett Declaration"), the Funds are eligible to be debtors under section 109(a) of the Bankruptcy Code, and a foreign proceeding respecting each Fund was duly commenced in the BVI. The Funds are incorporated in the BVI with a registered address at 171 Main Street, P.O. Box 92, Road Town, Tortola, VG 1110, BVI.

The Funds, through the Petitioners, also carry out nontransitory economic activity in the BVI. Additionally, the Petitioners are duly authorized to serve as foreign representatives and to petition for relief under chapter 15 of the Bankruptcy Code in connection with the liquidation proceedings respecting the Funds pending in the BVI.

2.      On July 21, 2014, the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "BVI Court") made an order (the "BVI Court Orders"), copies of which are attached to each Petition as Exhibit B, placing the Funds into formal liquidation and appointing the Petitioners as the Funds' BVI joint liquidators (the "BVI Proceedings").  In this role, the Petitioners are responsible for, among other things, liquidating the assets of the Funds, carrying on the business of the Funds, investigating causes of action that the Funds may possess, and prosecuting and settling or otherwise resolving such causes of action as they deem appropriate.

3.      By the Petitions, the Petitioners seek recognition of the BVI Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings.  The Petitioners seek an order granting recognition of the BVI Proceedings substantially in the form of the proposed Order Granting Recognition of Foreign Main Proceedings and Related Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of the Bankruptcy Code, attached to each Petition as Exhibit A (the "Proposed Order").  In particular, the Petitioners are requesting all relief afforded automatically upon recognition of a foreign main proceeding pursuant to section 1520 and certain limited relief pursuant to section 1521 of the Bankruptcy Code, or relief pursuant to section 1521 of the Bankruptcy Code if the BVI Proceedings are recognized as foreign nonmain proceedings.  Chapter 15 recognition will allow the Petitioners to, among other

benefits, pursue the litigation of certain potential claims that the Funds may possess in the courts of the United States.

4.    The Petitions satisfy all of the requirements set forth in section 1515 of the Bankruptcy Code.  Moreover, the relief requested by the Petitioners is well within the scope of chapter 15, which authorizes a court to (i) recognize a foreign proceeding upon the proper commencement of a case under chapter 15 by a foreign representative and (ii) grant assistance in the United States to such foreign representative in connection with such foreign proceeding. Based on the foregoing and the reasons described herein, the Petitioners are entitled to an order granting recognition of the BVI Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings under chapter 15 of the Bankruptcy Code.

## FACTS

5.    The Court is respectfully referred to the Petitions and the Corbett Declaration, which set forth the relevant facts, all of which are incorporated herein by reference.

## ARGUMENT

## I.    The Funds are Eligible to be Debtors under Section 109(a) of the Bankruptcy Code

6.    This Circuit recently held that a foreign debtor must satisfy the eligibility requirements of section 109(a) of the Bankruptcy Code as a prerequisite to obtaining recognition of a foreign main proceeding under chapter 15 of the Bankruptcy Code.  *Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238 (2d Cir. 2013).  This section states, in relevant part, that "only a person who resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title."  11 U.S.C. § 109(a).

7.    Here, the Funds possess property in the United States in the form of deposits held in a client trust account with Curtis.  The Funds also possess additional, intangible property in the United States in the form of claims and causes of action.  Petitions at ¶ 29; *see In re Octaviar*

*Admin. Pty Ltd.*, 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014) (holding that both funds held in a retainer account and claims or causes of action against U.S. entities satisfy section 109(a)). The Funds, therefore, satisfy section 109(a) and are eligible to be debtors under chapter 15 of the Bankruptcy Code.

## II.    These Cases are Proper under Chapter 15

8.    Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign proceeding. 11 U.S.C. § 1501(b)(l). These chapter 15 cases were commenced for the primary purpose of the Funds obtaining standing in the courts of the United States to pursue the litigation of certain claims for the benefit of the Funds and their creditors and investors. *See* 11 U.S.C. § 1509(b).

9.    The requirements for recognition of a foreign proceeding under chapter 15 are set forth in section 1517(a) of the Bankruptcy Code. This section mandates the entry of an order recognizing a foreign proceeding if, after notice and a hearing, it appears that "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or a foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

10.    As set forth in further detail below, the requirements for recognition prescribed by section 1517(a) of the Bankruptcy Code, as well as the Bankruptcy Rules, have been satisfied in respect of the Petitions and the BVI Proceedings.

### A.    The BVI Proceedings are Foreign Proceedings

11.    The threshold requirement for recognition of a proceeding under section 1517(a) of the Bankruptcy Code is that such proceeding must constitute a "foreign proceeding." *See* 11 U.S.C. § 1517(a)(1).

12.     Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as

> [A] collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

13.     Therefore, a proceeding will be recognized as a foreign proceeding under chapter 15 of the Bankruptcy Code if the following seven elements are satisfied: "(i) [the existence of] a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation." *Armada (Singapore) Pte Ltd. v. Shah (In re Ashapura Minechem Ltd.)*, 480 B.R. 129, 136 (S.D.N.Y. 2012) (citations omitted).

14.     This Court has explicitly held that "BVI Liquidation Proceedings are foreign proceedings under section 101(23) of the Code, as they are 'collective judicial or administrative proceeding[s] in a foreign country . . . under a law relating to insolvency . . . in which . . . the assets and affairs of the debtor are subject to control or supervision by a foreign court for the purpose of . . . liquidation." *In re Fairfield Sentry, Ltd.*, 440 B.R. 60, 63 (Bankr. S.D.N.Y. 2010) (quoting 11 U.S.C. § 101(23)), *aff'd*, 714 F.3d 127 (2d Cir. 2013).  The BVI Proceedings, therefore, satisfy the seven required elements and qualify as foreign proceedings.

i.      *The BVI Proceedings are "Proceedings"*

15.     For the purpose of chapter 15 recognition, a proceeding is "a statutory framework that constrains a company's actions and that regulates the final distribution of a company's assets." *In re Betcorp Ltd.*, 400 B.R. 266, 278 (Bankr. D. Nev. 2009).  As described in the

Corbett Declaration, the BVI Proceedings are governed by the BVI Insolvency Act 2003 (the "BVI Act").  Corbett Declaration at ¶ 19.  The BVI Act establishes a comprehensive framework that determines how the Funds' assets will ultimately be distributed.  Corbett Declaration at ¶¶ 19-22.  Accordingly, the BVI Proceedings are "proceedings" within the meaning of 11 U.S.C. § 101(23).

        ii.      *The BVI Proceedings are Both Judicial and Administrative*

16.     Generally, a proceeding is administrative when it is directed by a party other than the court, and a proceeding is judicial when a "[c]ourt exercises its supervisory powers."  *In re ABC Learning Ctrs. Ltd.,* 445 B.R. 318, 328 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3rd Cir. 2013).

17.     While a proceeding need not be both administrative and judicial in nature to be recognized as a foreign proceeding under chapter 15 of the Bankruptcy Code, the BVI Proceedings are both.  *See* 11 U.S.C. § 101(23); *see also In re Betcorp Ltd.,* 400 B.R. at 281 ("In any event, section 101(23) requires only that a proceeding have either an administrative *or* a judicial character.").

18.     Here, the BVI Proceedings are administrative in nature because the Petitioners have broad authority to liquidate the Funds' affairs, including making payments to creditors.  *See* Corbett Declaration at ¶ 23; *see also In re Betcorp Ltd.*, 400 B.R. at 280 (stating that a liquidator's requests for proofs of debt and distributions to creditors have an administrative character).  The BVI Proceedings are also judicial in nature because the Petitioners are officers of the BVI Court, and the Petitioners may not exercise certain of their powers without prior BVI Court approval.  Corbett Declaration at ¶ 24.

### iii.    The BVI Proceedings are Collective in Nature

19.    A proceeding is collective in nature when it "considers the rights and obligations of all creditors."  *In re Ashapura Minechem Ltd.*, 480 B.R. at 136 (internal quotation marks omitted); *see* 2 COLLIER ON BANKRUPTCY ¶ 101.23 (16th ed. rev. 2013) ("[T]he 'collective proceeding' requirement excludes from chapter 15 receivership proceedings that are for the benefit of a single creditor.").   Accordingly, a collective proceeding "is designed to provide equitable treatment to creditors, by treating similarly situated creditors in the same way."  *In re Ashapura Minechem Ltd.*, 480 B.R. at 136.

20.    The BVI Proceedings are not for the benefit of a single creditor, but rather they operate "to resolve and determine the rights of all claimants and stakeholders vis-à-vis the Funds."  Corbett Declaration at ¶ 22; *see* BVI Act § 207 (providing for the payment of classes of admitted claims and expenses in accordance with statutory priorities and, if the amount available for such claims is insufficient to pay claims in full, dividends are paid ratably by class). Accordingly, the BVI Proceedings are collective in nature.

### iv.    The BVI Proceedings are Located in a Foreign Country

21.    The BVI Court Orders placed the Funds into formal liquidation and appointed the Petitioners as the Funds' joint liquidators in the BVI, which is where all of the Funds are incorporated.   Corbett Declaration at ¶¶ 14, 16-17.   Additionally, since the Petitioners were appointed, the BVI Court has continued to administer the BVI Proceedings by holding a number of hearings with respect to the Funds.  *See* Petitions at ¶¶ 26(l), 28.  Accordingly, virtually all events relevant to the BVI Proceedings have occurred in the BVI, a foreign country.

### v.    The BVI Act Relates to Insolvency or the Adjustment of Debts

22.    The BVI Proceedings must be authorized by a statute that deals with corporate insolvency or the adjustment of corporate debts.  *In re Ashapura Minechem Ltd.*, 480 B.R. at

138.    The BVI Proceedings are authorized by the BVI Act, which is the governing law of corporate insolvencies in the BVI.  *See* Corbett Declaration at ¶ 19.  The BVI Act provides for several insolvency procedures, including liquidations, creditor arrangements, and receiverships.  *See* Corbett Declaration at ¶ 20.  Accordingly, the BVI Act is a law relating to insolvency or the adjustment of debts.

> vi.    *The BVI Proceedings Subject the Funds' Assets and Affairs to a Foreign Court's Control or Supervision*

23.    The Funds' assets and affairs must also be subject to a foreign court's jurisdiction.  *In re Ashapura Minechem Ltd.*, 480 B.R. at 137.  Section 1502 of the Bankruptcy Code defines a "foreign court" as a "judicial or other authority competent to control or supervise a foreign proceeding."  11 U.S.C. § 1502.  The foreign court, however, "need not control the day-to-day operations of the debtor," and the fact that liquidators proceed with most of their duties without court involvement does not undermine the court's supervisory role.  *In re Ashapura Minechem Ltd.*, 480 B.R. at 138.

24.    Under the BVI Act, the Petitioners function as officers of the BVI Court in their capacity as joint liquidators.  Corbett Declaration at ¶ 21.  Nevertheless, the BVI Act and the BVI Court Orders provide that certain of the Petitioners' powers, including the power to compromise claims, may be exercised only with prior approval of the BVI Court.  Corbett Declaration at ¶ 24.  Accordingly, the BVI Proceedings satisfy the requirement that the Funds' assets and affairs be subject to the control or supervision of a foreign court.

> vii.    *The BVI Proceedings are for the Purpose of Liquidation*

25.    The BVI Proceedings are for the purpose of liquidation because they will ensure the equitable liquidation and ratable distribution of the Funds' assets to creditors.  *See* Corbett Declaration at ¶¶ 22, 25.

B.        The Cases Were Commenced by the Funds' Foreign Representatives

26.       A case under chapter 15 of the Bankruptcy Code must be commenced by a duly appointed and authorized "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code.  This section provides as follows:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

27.       On July 21, 2014, the Petitioners were appointed as the joint liquidators of the BVI Proceedings.  *See* Petitions at <u>Exhibit B</u>.  Accordingly, the Petitioners are duly authorized to act as the foreign representatives of the Funds and are responsible for all aspects of the Funds' business.  Corbett Declaration at ¶¶ 16-17, 23.  Specifically, the Petitioners are authorized to, among other things, liquidate the assets of the Funds, carry on the business of the Funds, investigate causes of action that the Funds or their creditors may possess, and prosecute and settle or otherwise resolve such causes of action as they deem appropriate.  Corbett Declaration at ¶ 23(b), (e), (f).  Additionally, this Court has generally held that persons appointed as liquidators by the BVI Court are "foreign representatives" entitled to petition a bankruptcy court in the United States for an order recognizing a foreign proceeding.  *See, e.g.*, *In re Lawndale Group S.A.,* 15-11310 (SCC) (Bankr. S.D.N.Y. 2015); *In re Pioneer Freight Futures Co., Ltd.*, No. 13-12324 (JMP) (Bankr. S.D.N.Y. 2013); *In re Farenco Shipping Co., Ltd.*, No. 11-14138 (REG) (Bankr. S.D.N.Y. 2011); *In re Fairfield Sentry Ltd.*, No. 10-13164 (BRL) (Bankr. S.D.N.Y. 2010); *In re Transfield Cape Ltd. (BVI)*, No. 10-16270 (MG) (Bankr. S.D.N.Y. 2010).

28.     Therefore, the Petitioners are duly authorized to act as the foreign representatives of the Funds and were entitled to commence these cases under chapter 15 of the Bankruptcy Code.

### III.    The BVI Proceedings Should be Recognized as Foreign Main Proceedings

29.     A foreign proceeding, as defined by section 101(23) of the Bankruptcy Code, may be recognized as either a "foreign main proceeding" or a "foreign nonmain proceeding" under section 1517 of the Bankruptcy Code.  11 U.S.C. § 1517(b)(1).  Under section 1502(4) of the Bankruptcy Code, a foreign proceeding will be recognized as a "foreign main proceeding" if it is "pending in the country where the debtor has the center of its main interests" ("COMI").  *See* 11 U.S.C. § 1502(4).

30.     A foreign debtor's COMI should be "determined as of the time of the filing of the [c]hapter 15 petition," but "[t]o offset a debtor's ability to manipulate its COMI, a court may also look at the time period between the initiation of the foreign liquidation proceeding and the filing of the [c]hapter 15 petition."  *In re OAS S.A., et al.*, No. 15-10937, 2015 WL 4197076, at *13 (Bankr. S.D.N.Y. July 13, 2015) (quoting *Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 137 (2d Cir. 2013)); *In re Suntech Power Holdings, Co.*, 520 B.R. 399, 416 (Bankr. S.D.N.Y. 2014).

31.     It is well-established that a company's COMI is presumed to be wherever its registered office is located.  11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests."); *see In re Suntech Power Holdings, Co.*, 520 B.R. at 416 ("The Debtor's presumptive COMI is the Cayman Islands where it was incorporated."); *see also In re Fairfield Sentry Ltd.*, 714 F.3d at 137 ("Chapter 15 creates a rebuttable presumption that the country where a debtor has its registered office will be its COMI.").  Because this presumption is rebuttable, a court may

consider any other relevant factors to determine a foreign debtor's COMI, including (i) the location of the debtor's assets, (ii) the location of the debtor's books and records, (iii) the location of the majority of the debtor's creditors, (iv) the location of those who actually manage the debtor, (v) the location of the debtor's "nerve center," which includes where the debtor's activities are directed, and (vi) the jurisdiction whose law would apply to most disputes. *See, e.g.*, *In re OAS S.A., et al.*, 2015 WL 4197076, at *13; *In re Suntech Power Holdings, Co.*, 510 B.R. at 416 (citing *In re Fairfield Sentry Ltd.*, 714 F.3d at 137); *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).

32.    The following facts demonstrate that the Funds' COMI is in the BVI:

(a)    As set forth above, each Fund is recognized as a BVI corporation and the Funds' registered office is located in the BVI. Petitions at ¶ 4(b). These facts create a presumption that the Funds' COMI is the BVI.

(b)    The Funds have assets located in the BVI, including funds in a BVI bank account. Petitions at ¶ 29; *see In re Betcorp Ltd.*, 400 B.R. at 294 (stating that one of the facts that helped to determine the Debtor's COMI was that its only asset, cash, was located in an Australian bank account).

(c)    The petitioners have recovered some of the Funds' books and records and have maintained them in the BVI. Petitions at ¶ 26(b)-(c). Additionally, the Petitioners have reviewed such records and all additional information regarding the Funds that they have received from several of the Funds' functionaries, including the Funds' administrator. *See* Petitions at ¶¶ 15, 26(b)-(c).

(d)    As a result of their appointment on July 21, 2014, the Petitioners effectively displaced the Funds' director. Petitions at ¶ 24. John D. Ayres, in his capacity as a joint liquidator of the Funds, resides in and executes his powers and duties from the BVI. Although Matthew Wright resides in the Cayman Islands, his powers and duties as a joint liquidator of the Funds are authorized and governed by the BVI Court and the BVI Court Orders. Accordingly, the Petitioners have managed and controlled the Funds primarily from the BVI and all remaining issues regarding the Funds will primarily be resolved by the Petitioners from the BVI. *See* Petitions at ¶ 26. Specifically, the Petitioners have, among other things, met ongoing statutory obligations of the Funds, made arrangements for the remaining cash balances of the Funds to be transferred to a BVI bank account and brought under the Petitioners' control, identified potential

claims that may be pursued by the Funds and potential claims that may be asserted against the Funds, and worked to establish the status and value of the Funds' non-cash assets. The Petitioners' foregoing actions have primarily occurred in the BVI. *See* Petitions at ¶¶ 26-26; *see also In re Fairfield Sentry Ltd.*, 714 F.3d at 139 (internal quotation marks omitted) ("[E]ven though Sentry had assets in other jurisdictions, the administration of its affairs in the relevant time was orchestrated from the BVI.").

(e)     The BVI is the jurisdiction where the BVI Proceedings are currently pending and where the Petitioners are primarily conducting the liquidation of the Funds. *See* Petitions at ¶¶ 25-26. Any person or entity with a claim against the Funds may prove such claim in the BVI Court. Accordingly, the Petitioners have corresponded with various creditors and investors in connection with this claims reconciliation process, which the Petitioners are primarily conducting from the BVI. Petitions at ¶ 26(j). Additionally, the Petitioners have applied to the BVI Court for sanction to, among other things, pay certain fees and commence these chapter 15 cases. Petitions at ¶¶ 26(l), 28.

(f)     The BVI is the jurisdiction whose law would apply to most disputes, which the Funds' creditors and investors would have expected. *See In re OAS S.A.*, 2015 WL 4197076, at *13 (stating that the conclusion that Brazil was the debtor's nerve center was consistent with the expectation of creditors because the debtor's offering memoranda stated that certain notes were guaranteed by entities organized under the laws of Brazil). The agreements governing the Funds' subscriptions clearly stated that they were governed by BVI law and that they would be construed in accordance with BVI law. Petitions at ¶¶ 12-13. Additionally, the Funds' confidential private placement memoranda stated that the Funds operated under BVI law. Petitions at ¶ 12. Accordingly, the Funds' investors and creditors understood that they were investing in BVI-based companies and that their investments would be governed by BVI law. *See In re OAS S.A.*, 2015 WL 4197076, at *15 (stating that the noteholders had no legitimate expectation that a jurisdiction other than Brazil would play any role in the determination or payment of their claims).

33.     There is no reason for the COMI presumption to be rebutted in these chapter 15 cases. Therefore, the BVI is the Funds' COMI, and the Court should recognize the BVI Proceedings as foreign main proceedings.

IV.    **Alternatively, the BVI Proceedings Should be
Recognized as Foreign Nonmain Proceedings**

34.    Section 1502(5) of the Bankruptcy Code defines a foreign nonmain proceeding as

"a foreign proceeding, other than a foreign main proceeding, pending in a country where the

debtor has an establishment."   Further, "establishment" is defined as "any place of operation

where the debtor carries out nontransitory economic activity."  11 U.S.C. § 1502(2).

35.    The Petitioners respectfully submit that at a minimum, their activities in the BVI

constitute nontransitory economic activity.  The Petitioners are continuing the Funds' remaining

business activities and winding up the Funds' affairs from the BVI.  Additionally, there are no

foreign or domestic insolvency proceedings concerning the Funds other than the BVI

Proceedings.  Accordingly, there are sufficient grounds for the Court to grant nonmain

recognition of the BVI Proceedings pursuant to chapter 15 of the Bankruptcy Code.  *See In re

SPhniX, Ltd.*, 351 B.R. at 120 (noting that where "no negative consequences would appear to

result from recognizing the [foreign] proceedings as nonmain proceedings, that is the better

choice.").

V.    **The Petitioners Request Necessary and Appropriate
Relief Pursuant to Section 1521(a) of the Bankruptcy Code**

36.    Upon recognition of a foreign proceeding, whether as a foreign main or nonmain

proceeding, a court is empowered to grant "any appropriate relief" where such relief is necessary

to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect a debtor's assets or

the interests of a debtor's creditors.  11 U.S.C. § 1521(a).  Relief under section 1521(a) of the

Bankruptcy Code, however, is available only if the interests of creditors and other interested

entities, including the debtor, are sufficiently protected.  11 U.S.C. § 1522(a); *see In re Rede

Energia S.A.*, 515 B.R. 69, 90 (Bankr. S.D.N.Y. 2014) (noting that section 1521 is subject to

certain restrictions and quoting section 1521(a)); *see also In re SPhinX*, 351 B.R. at 113 ("Two

aspects of section 1522(a) are notable[, one being that] Congress directed the court to focus on the interests of all creditors and other interested parties, not just those of U.S. parties."). Additionally, in granting relief under section 1521 of the Bankruptcy Code to a representative of a foreign nonmain proceeding, "the court must be satisfied that the relief relates to assets that, under the laws of the United States, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding."  11 U.S.C. §1521(c).

37.    Accordingly, the Petitioners request that this Court grant the following additional necessary relief, without limitation, under section 1521(a) of the Bankruptcy Code[1] in the Proposed Order: (i) the Petitioners are authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Funds without further order of the Court and (ii) the Petitioners are entrusted with the administration or realization of all of the Funds' assets that are located within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to the Funds, with the protections afforded under section 108 of the Bankruptcy Code.  *See* 11 U.S.C. § 1521(a).

38.    The relief requested by the Petitioners under section 1521(a) of the Bankruptcy Code is necessary to assist the BVI Court and the Petitioners in carrying out the effective administration of the BVI Proceedings, particularly if the Court recognizes the BVI Proceedings as foreign nonmain proceedings.  Without the relief provided by section 1521(a), the BVI Court would not be able to ensure the fair and efficient administration of the BVI Proceedings in a

---

[1]    Section 1521(a) of the Bankruptcy Code provides, in relevant part, that upon recognition of a foreign proceeding as a main or nonmain proceeding, the Court may issue an order staying the commencement or continuation of proceedings concerning the execution against, and disposition of the debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed under section 1520(a), provide for the examination of witnesses and taking of evidence concerning the debtor's affairs, entrust the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative, and grant any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 548, 550, and 724(a) of the Bankruptcy Code.

manner that protects the interests of all of the Funds' creditors. Additionally, such relief is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code.

**VI.**     **Section 108 of the Bankruptcy Code Applies to these Chapter 15 Cases**

39.     Section 108 of the Bankruptcy Code enumerates certain tolling provisions that may be used by a foreign representative in a chapter 15 case. *See* 11 U.S.C. § 103(a) ("[T]his chapter . . . appl[ies] in a case under Chapter 15 . . . ."); *see also In re Fairfield Sentry Ltd.*, 452 B.R. 52, 57-58 (Bankr. S.D.N.Y. 2011) (stating that section 103(a) incorporates section 108 into a chapter 15 proceeding and that foreign representatives are indistinguishable from trustees with respect to the purpose of section 108). Specifically, the tolling provisions of section 108 of the Bankruptcy Code provide (i) a bankruptcy trustee with a two-year extension to commence actions in the interests of the estate provided that the applicable time period had not expired before the petition was filed and (ii) a short extension of the time for filing pleadings, curing defaults, and performing other acts on behalf of the debtor. 11 U.S.C. § 108(a)-(b); *In re Fairfield Sentry Ltd.*, 452 B.R. at 58; *see In re Hellas Telecommc'ns (Luxembourg) II SCA*, 524 B.R. 488, 535 (Bankr. S.D.N.Y. 2015) ("The challenged transfers underlying the Plaintiff's unjust enrichment claim occurred in December 2006, well over six years ago . . . [but] the statute of limitations was tolled as of the filing of the chapter 15 petition."). These provisions provide a foreign representative with additional time "to discover and evaluate potential causes of action or perform other acts required to preserve the debtor's rights." *In re Fairfield Sentry Ltd.*, 452 B.R. at 58.

40.     Although the Petitioners are confident that section 108 of the Bankruptcy Code applies automatically upon filing, they respectfully request that the Court specifically rule in the Proposed Order that section 108 applies in these cases. *See In re Fairfield Sentry Ltd.*, 452 B.R. at 64 ("[T]he Court finds that Section 108 Relief is automatically available to the Foreign

Representatives."); *see also In re Hellas Telecommc'ns (Luxembourg) II SCA*, 534 B.R. at 53.

Out of an abundance of caution, the Petitioners request such relief in light of their desire to

commence certain litigation in the courts of the United States for the benefit of all stakeholders.

**VII.    The Requested Relief Should be Granted**

41.    The legislative history to chapter 15 of the Bankruptcy Code provides that:

> The decision to grant recognition is not dependent upon any
> findings about the nature of the foreign proceedings of the sort
> previously mandated by section 304(c) of the Bankruptcy Code.
> The requirements of [section 1517], which incorporates the
> definitions in section 1502 and sections 101(23) and (24), are all
> that must be fulfilled to attain recognition.

H.R. Rep. 109-31, pt. 1 (2005).  Accordingly, an order recognizing a foreign proceeding should

be entered if all of the requirements for recognition have been met.  *See* 11 U.S.C. § 1517.

42.    As set forth above, (i) the requirements of section 109(a) of the Bankruptcy Code

are met, (ii) the BVI Proceedings are foreign proceedings, (iii) the Petitioners are the Funds'

foreign representatives, and (iv) the Petitions satisfy the requirements of section 1515 of the

Bankruptcy Code.  Therefore, the Court should enter an order recognizing the BVI Proceedings

as foreign main proceedings or, in the alternative, as foreign nonmain proceedings.

43.    While section 1506 of the Bankruptcy Code provides that nothing in chapter 15

shall prevent a court from refusing to take an action otherwise required by chapter 15 if such

action would be manifestly contrary to the public policy of the United States, the public policy

exception embodied in section 1506 of the Bankruptcy Code is to be narrowly construed and

applied "sparingly."  *In re Rede Energia S.A.*, 515 B.R. at 92, 98.  The Petitioners have requested

(i) the relief under section 1520 of the Bankruptcy Code that is automatically extended upon

recognition of a foreign main proceeding and (2) certain limited discretionary relief under

section 1521(a).  *See* 11 U.S.C. §§ 1520-1521; *see also In re Rede Energia S.A.*, 515 B.R. at 89

("If a foreign case is recognized as a foreign main proceeding . . . certain relief automatically goes into effect, pursuant to 11 U.S.C. § 1520, and, under section 1521, a bankruptcy court may grant any appropriate relief . . . ."). Alternatively, the Petitioners have requested discretionary relief under section 1521 of the Bankruptcy Code that mirrors the relief granted under section 1520 in the event that the BVI Proceedings are recognized as foreign nonmain proceedings. Accordingly, recognition of the BVI Proceedings as foreign proceedings would not be inconsistent with section 1506 of the Bankruptcy Code.

44.     Additionally, section 1509 of the Bankruptcy Code, which is entitled "Right of Direct Access," generally governs a foreign representative's access to the state and federal courts of the United States. *See generally* 11 U.S.C. § 1509(b)-(f). Courts have held that this section "reflects an access principle assuring that a foreign representative . . . may sue or be sued in a court in the United States." *CT Inv. Mgmt. Co., LLC v. Cozumel Caribe, S.A. de C.V. (In re Cozumel Caribe, S.A. de C.V.)*, 482 B.R. 96, 108-09 (Bankr. S.D.N.Y. 2012); *see In re Elpida Memory, Inc.*, No. 12-10947, 2012 WL 6090194, at *8 (Bankr. D. Del. Nov. 20, 2012) ("[I]t is clear that section 1509(b)(3) . . . is meant only to streamline the foreign representatives' access to, and cooperation from, other, non-bankruptcy courts in the United States following recognition.").

45.     Accordingly, the Petitioners' purposes for commencing these chapter 15 cases – to establish standing to assert certain claims in the courts of the United States, to facilitate the BVI Proceedings, and to protect the Funds' rights and claims in the United States – clearly fall with the scope of chapter 15 of the Bankruptcy Code. Additionally, the Petitioners' primary commencement purpose of obtaining standing to pursue the litigation of certain claims is

consistent with section 1509 of the Bankruptcy Code.  Thus, the requested relief should be granted.

## CONCLUSION

For the foregoing reasons, the Petitioners respectfully request that this Court grant the relief requested herein and in the Petitions and such other and further relief as may be just and proper.

Dated: New York, New York
        August 12, 2015

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:      */s/ Steven J. Reisman*
            Steven J. Reisman
            L. P. Harrison 3rd
            James V. Drew
            Lauren Tauro
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559


*Counsel for the Petitioners*